## MOORE v. STONE.

ERROR TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

No 48. Argued October 15, 16, 1900.—Decided January 7, 1901.

*Hewitt* v. *Schultz*, *ante*, 139, again followed.

ON the 12th day of December, 1883, the Northern Pacific Railroad Company selected the northeast quarter of section 3, in township 13 north of range 42 east, Willamette meridian, in Garfield County, Washington, under the direction of the Secretary of the Interior, as indemnity in lieu of other lands. In making the selection it filed in the district land office at Walla Walla a list showing the tract selected, at the same time tendering to the officers of the district land office the fees required by law. The tract was selected as public land, to which the United States had full title, not reserved, sold, granted or other-

wise appropriated, and free from preëmption or other claim or rights. The list was accepted, allowed and approved by the officers named on January 5, 1884, and transmitted to the Commissioner of the General Land Office. On October 26, 1887, in compliance with and in pursuance of certain orders and directions subsequently made by the Secretary of the Interior, the railroad company designated the losses for which the above-described lands were selected as indemnity.

On the 30th day of June, 1884, the defendant Dimon B. Stone presented an application to make a preëmption declaratory statement for the lands selected as above stated by the railroad company, to the district land office at Walla Walla, alleging settlement upon the land April 25, 1882. His application was rejected, and on appeal to the Commissioner of the General Land Office a hearing in the matter was ordered to determine the condition of the land at the date of its selection and the respective rights of the defendant and the railroad company. At the hearing the officers of the district land office, in January, 1891, held that the settlement of the defendant and the application to file the preëmption declaratory statement excepted the lands from the grant to the railroad company, and that therefore they were not subject to selection by it; and the selection made was recommended to be cancelled.

The railroad company appealed to the Commissioner of the General Land Office. In a decision rendered April 30, 1895, and directed to the register and receiver at Walla Walla, that officer said: "The land is within the limits of withdrawal upon the line of amended general route of said road, the map showing which was filed Feb. 21st, 1872, and upon the definite location of the road it fell within the indemnity limits, the order for withdrawal of which was received at the local office Nov. 30th, 1880. These withdrawals have been held by the department to be without authority of law and of no effect. 17 L. D. 8 and 19 L. D. 87. . . . The testimony adduced at the hearing shows that Stone is a qualified settler, and established his actual residence with his family on the land about the middle of April, 1882, in a cabin he built upon the tract; that in the summer of 1882 he built a house 16 × 24 feet, one and a half

stories high, dug a well, and cultivated a garden; that in 1883 he cropped 15 acres to grain, in 1884 and 1885, 15 acres, and in 1886 and 1887, 40 acres, in 1888, 45 acres, in 1889, 140 acres, and in 1890, 155 acres; that he has fenced the whole place, and that his improvements are worth from $700 to $800. You are of the opinion that Co.'s selection as to this land was improperly allowed, and that the Co. had no right to the tract prior to its selection, and that as the land was occupied and improved as the home of a qualified settler at the date of such selection, that such selection as to the land in question should be cancelled and Stone's application to make preëmption should be overruled; your ruling is in accordance with the uniform practice of the department, and I concur in same. Therefore, your decision is sustained and the amendatory list No. 1 of selection of Jan. 5th, 1884, by said Co. is hereby held for cancellation as to the above-described tract of land."

On July 2, 1895, the railroad company, by general warranty deed and for a valuable consideration, sold and conveyed the north half of section 3 in the above-named township to the plaintiff Moore.

On May 20, 1896, the Secretary of the Interior sustained the above decision of the Commissioner of the General Land Office.

The amended complaint of the plaintiff Moore, after setting out the foregoing facts, alleged that the above decisions by the officers of the Land Department and the Secretary of the Interior were made and rendered under a misapprehension and mistake of law and were contrary to law; that under the rules and practice of the Department of the Interior, the decision of the Secretary finally closed and determined in that department the controversy as to the tract of land, of which fact the parties received notice, the contest being closed July 10, 1896; that thereafter the defendant made final proof and received a final receipt for the land, in which it was recited that he was entitled to a patent for the land from the United States; and that in 1897 a patent was issued to him.

The plaintiff averred that the United States district land officers, the Commissioner of the General Land Office and the Sec-

retary of the Interior were wholly without jurisdiction to consider the application of the defendant Stone to make preëmption entry of the land, for the reason that it was not public land of the United States subject to homestead entry, but at the time of the defendant's application had been withdrawn by order of the Secretary of the Interior from entry or sale under the settlement laws of the United States; that the railroad company was the owner in fee simple of the premises and entitled to the legal title thereto and to a patent from the United States; that the patent issued to the defendant, or which, if not issued, would be issued to him, constituted the defendant a trustee, holding the legal title for the benefit of the plaintiff, and cast a cloud upon his title.

It was set out in the complaint that in 1898 the wife of the defendant Stone died intestate, " leaving as her heirs the defendants herein, who, excepting defendant D. B. Stone, are her children and the only children surviving her and the only children which she has or ever had; that the premises and property herein described, if any right or interest was ever acquired by defendant D. B. Stone, was acquired after his marriage with the said deceased; that some of said children of said deceased are of age and some are minors; that the names of those who are minors are Sylvia S. Jenks, Orson Emer Stone, Harland Clifford Stone, and Orlie Otis Stone; that the said Ammvillis Allen and Sylvia S. Jenks are married; that said children and defendants other than D. B. Stone have no other rights except as heirs of the said deceased."

The plaintiff therefore prayed that the defendants be declared trustees for the use and benefit of plaintiff; that by decree it be adjudged that defendants or either of them have no right, title, interest or estate whatever in and to these lands and premises or any part thereof; that the title of plaintiff be decreed good, valid and a fee simple title; and that defendants be required to execute and deliver to plaintiff deed or deeds so as to vest in plaintiff a complete record title in and to the premises; that any and all pretended claims of defendants or either of them be held for naught and cancelled; that the defendants and each of them be enjoined aud debarred from as-

serting any claim whatever in or to the lands or any part thereof adverse to the plaintiff; that plaintiff have judgment quieting his title against defendants and each of them, and removing the cloud thereon created by the pretended claim or claims of defendants or either of them; that plaintiff be adjudged entitled to immediate and exclusive possession of the premises and the whole and every part thereof and be put into possession thereof by order of the court; and that plaintiff have such other or further relief as should seem meet, proper and agreeable to equity.

The amended complaint was demurred to, and the demurrer was sustained; and the plaintiff declining to plead further, the action was dismissed. The judgment of dismissal was affirmed in the Supreme Court of the State, on the authority of *Moore* v. *Cormode,* 20 Wash. 305, 713.

*Mr. James B. Kerr* and *Mr. C. W. Bunn* for plaintiff in error.

*Mr. George Turner* filed a brief for defendants in error.

MR. JUSTICE HARLAN, after stating the facts as above reported, delivered the opinion of the court.

As in the other cases just decided, the plaintiff's right to recover depended upon the validity of the order made by the Secretary of the Interior directing the withdrawal from sale or entry under the preëmption and homestead laws of the United States of the odd-numbered sections of land within the indemnity limits of the Northern Pacific Railroad Company as defined by its map of definite location. The order was based wholly upon the filing and acceptance of that map, and in advance of any selection based on ascertained losses of distinct tracts in the place limits.

For the reasons stated in *Hewitt* v. *Schultz,* such order must be regarded as not authorized by the act of July 2, 1864, under which the railroad company and its grantee claimed title; and

upon that ground the judgment of the Supreme Court of the State of Washington must be and is

*Affirmed.*

Mr. Justice White concurred in the result.

Mr. Justice Brewer and Mr. Justice Shiras dissented.